IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOROTHEA MOORE o/b/o
J.L.S.   PLAINTIFF

v.   CIVIL NO. 05-6066

JO ANNE B. BARNHART, Commissioner
Social Security Administration   DEFENDANT

## MEMORANDUM OPINION

Plaintiff Dorothea Moore brings this action on behalf of her minor grandson, J.L.S., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying J.L.S.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff has filed three separate motions to supplement the record with additional evidence and to have his case remanded to the Commissioner for consideration of this evidence. (Doc. # 5,11,15). Defendant filed a response objecting to plaintiff's second motion for new evidence. (Doc. # 18).

The evidence which plaintiff now moves to supplement the record with and have considered on remand consists four letters dated September 7, 2005, September 19, 2005, September 22, 2005, and September 27, 2005. These letters indicate J.L.S. was assigned in school suspension and later suspended from school for three days due to his behavior.

Additional evidence submitted consists of two discipline notices dated February 10, 2006, and March 7, 2006, which indicate J.L.S.'s continued behavioral problems.

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

The evidence plaintiff now provides did not exist on March 25, 2005, when the ALJ issued his decision, and that fact serves as cause sufficient to excuse plaintiff's failure to include these records in the administrative proceedings. *Goad v. Shalala*, 7 F.3d 1397, 1398 (8th Cir. 1993)(*citing Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991)).

Next, we consider the issue of materiality. "Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Thomas*, 928 F.2d at 260 (*quoting Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990)). Defendant argues that the evidence submitted on February 10, 2006, is presumably the only disciplinary notice plaintiff had to offer and that it is dated almost one year after the ALJ's determination and is therefore not relevant to the ALJ's decision in the case presently before this

2

court.[1]  After reviewing the entire record, we find that remand is appropriate for consideration of the additional medical evidence, as this evidence appears to indicate that J.L.S's behavioral problems impose limitations that were possibly more severe during the time period in question than the evidence before the ALJ indicated.  *See Geigle v. Sullivan*, 961 F.2d 1395, 1396-1397 (8th Cir. 1992).

Based on the foregoing, we remand this case to the Commissioner for consideration of additional evidence pursuant to sentence six of 42 U.S.C. § 405(g).

DATED this 15th day of May 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

.

---

[1] We note the defendant did not respond to two of the three motions filed by plaintiff each of which contained notices from J.L.S.'s school indicating J.L.S.'s behavioral problems.

AO72A
(Rev. 8/82)