IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DOROTHEA MOORE                                                                                    PLAINTIFF
*On Behalf Of*
A Minor Child, J.L.S.

vs.                                           Civil No. 6:05-cv-06066

MICHAEL J. ASTRUE[1]                                                                            DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

On January 11, 2008, Defendant filed a Motion to Remand.  (Doc. No. 27).  Plaintiff does not oppose this motion.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. No. 4).[2]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

Defendant requests a remand so that the Commissioner may conduct further administrative proceedings, update the record, and obtain new medical records or testing.  Specifically, Defendant seeks a remand in order to accomplish the following:

> The Commissioner seeks remand in order for an Administrative Law Judge (ALJ) to further evaluate the evidence in this case.  Specifically, upon remand the ALJ will

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

update the record by obtaining a mental status consultative examination with psychological testing with a detailed assessment about the claimant's ability to interact and relate with others. The ALJ will request the treating sources, including the claimant's school to provide all of the claimant's clinical notes, treatment records, medicine regimen, and objective tests and results, as well as medical source statements. If necessary, the ALJ will obtain evidence from a medical expert to clarify the nature and severity of the claimant's impairments and functional equivalence. The ALJ will further evaluate the claimant's impairments by considering all of the evidence of record and provide sufficient rationale in support of the assessed limitations in accordance with 20 C.F.R. § 416.924 and Public Law 104-193.

(Doc. No. 27, Pages 1-2). This Court finds this motion is well-taken and should be granted. The Commissioner's decision is reversed, and this matter is hereby remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. In addition, the undersigned finds that the Plaintiff's Complaint should be and hereby is dismissed without prejudice. Plaintiff may still, however, file a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. This Court directs the ALJ to make additional findings on remand as are necessary to fully and adequately develop the record.

A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 4th day of February, 2008.**

/s/   Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge